UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:13-CR-45-TAV-CCS-37 |
| JUNELLE ELAINE JERRELL, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's motions for a sentence reduction [Docs. 1434, 1457]. The defendant requests that the Court resentence her pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual. The government has responded [Doc. 1459]. The government defers to the Court's discretion whether to reduce the defendant's sentence, subject to the limitations of 18 U.S.C. § 3582(c)(2) and section 1B1.10 of the United States Sentencing Guidelines Manual.

**I. Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted).

If the reviewing court determines that the defendant is eligible for a sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). In making this determination, the reviewing court also should consider the danger to the public created by any reduction in the defendant's sentence and may consider the defendant's post-sentencing conduct. U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1(B).

## II. Factual Background

The defendant pleaded guilty to conspiring to manufacture at least fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Doc. 1213]. At the time of sentencing, the defendant was held responsible for 50 grams of

2

actual methamphetamine [Presentence Investigation Report ("PSR") ¶ 27]. Given the amount of drugs for which the defendant was held responsible, the defendant's base offense level was 32 [*Id.* ¶ 42]. The defendant received a three-level reduction for acceptance of responsibility pursuant to section 3E1.1(a) and (b), which resulted in a total offense level of 29 [*Id.* ¶¶ 49–51]. Given the defendant's criminal history category of II, the defendant's guideline range would have been 97 to 121 months' imprisonment, but she was subject to a 240-month enhanced statutory mandatory minimum [*Id.* ¶¶ 65, 85; *see also* Doc. 505 (demonstrating the enhancement was based on the defendant's prior felony drug conviction)]. Therefore, the defendant's guideline range was restricted to the mandatory minimum of 240 months.

Before sentencing, the government moved for a downward departure pursuant to 18 U.S.C. § 3553(e) and section 5K1.1 of the Sentencing Guidelines [Doc. 1035]. The Court granted that motion and sentenced the defendant to 180 months' imprisonment, which is 25 percent below the guidelines range [Doc. 1213]. According to the parties, the defendant is presently scheduled for release on December 21, 2025 [Doc. 1459 p. 3].

## III. Analysis

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by 2 levels the offense levels assigned to the drug quantities set forth in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1,

3

2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

Section 1B1.10 of the Sentencing Guidelines addresses reductions under § 3582(c)(2):

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced.

U.S. Sentencing Guidelines Manual § 1B1.10(b). Amendment 782 is listed in subsection (d). *Id.* § 1B1.10(d).

A defendant's amended guideline range is calculated by using the procedures set forth in section 1B1.1(a). *Id.* § 1B1.10 cmt. n.1(A); *United States v. Joiner*, 727 F.3d 601, 604 (6th Cir. 2013). Accordingly, in calculating a defendant's amended guideline range, the reviewing court ordinarily must first substitute the revised base offense level provided by Amendment 782 and then apply the trumping provisions of sections 5G1.1 and 5G1.2 as appropriate. *See Joiner*, 727 F.3d at 605 (discussing the procedure for calculating a defendant's amended guideline range in light of the revised base offense levels for crack cocaine offenses provided by Amendment 750).

Section 5G1.1 provides, in relevant part, that "[w]here the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S. Sentencing

4

Guidelines Manual § 5G1.1(b). Section 5G1.2 provides, in relevant part, that "the sentence to be imposed on a count for which the statute (1) specifies a term of imprisonment to be imposed; and (2) requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment, shall be determined by that statute and imposed independently." *Id.* § 5G1.2(a).

Therefore, defendants whose sentences were subject to the trumping provisions of sections 5G1.1 and 5G1.2 ordinarily are not eligible for a sentence reduction as a result of Amendment 782, because their original sentences were not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and a reduction would not be permitted by the applicable policy statements issued by the Sentencing Commission. *See Joiner*, 727 F.3d at 604–09 (finding that a defendant was not eligible for a sentence reduction under Amendment 750); *United States v. Williams*, 512 F. App'x 594, 597–600 (6th Cir. 2013) (same).

Section 1B1.10(c) alters this analysis for defendants who have received a departure below a mandatory minimum sentence for their substantial assistance to the government. *See* 18 U.S.C. § 3553(e) (providing that a departure below a mandatory minimum sentence for a defendant's substantial assistance "shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code"). For this class of defendants, "the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2

5

(Sentencing on Multiple Counts of Conviction)." U.S. Sentencing Guidelines Manual § 1B1.10(c). Here, the defendant is among the class of defendants covered by section 1B1.10(c). Therefore, as the government concedes, she is eligible for a sentence reduction pursuant to § 3582(c)(2).

Because the trumping provisions of sections 5G1.1 and 5G1.2 no longer apply, the Court calculates the defendant's amended guideline range by first substituting the appropriate revised base offense level provided by Amendment 782, and then making any adjustments in accordance with the defendant's original sentence. *Id.* § 1B1.10(b)(1) (providing that "the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected"). Therefore, the defendant's revised base offense level is 30, and her new total offense level is 27. A total offense level of 27 and a criminal history category of II results in an amended guideline range of 78 to 97 months' imprisonment.

The Court may depart downward from this amended range in an amount comparable to the downward departure that the Court originally granted for the defendant's substantial assistance. *Id.* § 1B1.10(b)(2)(B). Because the defendant originally received a 25 percent departure from the restricted guideline range, she is eligible for a reduced sentence of 59 months' imprisonment, as the government concedes [*See* Doc. 1459 p. 3–4].

6

Despite this concession, the government asks the Court to reduce the sentence to no less than 120 months' imprisonment [Doc. 1459 p. 5]. The government argues a reduction to 59 months "would drastically increase the extent of the reduction previously granted for substantial assistance, *i.e.*, essentially granting a 75-percent reduction from the enhanced mandatory minimum to which she was originally subject" [*Id.* at 4]. The government claims a 75-percent reduction is inappropriate for the level of assistance rendered by the defendant, and believes a 59-month sentence is inadequate to satisfy the § 3553(a) factors in this case, given the extent of the defendant's offense conduct [*Id.*]. The defendant purchased at least 500 grams of pseudoephedrine between 2007 and 2012 in a series of more than 200 separate pharmacy purchases [PSR ¶ 28]. The pseudoephedrine was used by coconspirators to manufacture methamphetamine, and the conspiracy as a whole manufactured at least 3,000 grams of methamphetamine, with a street value of approximately $300,000 [*Id.* ¶ 29].

While the Court acknowledges the seriousness of the defendant's offense conduct and the discrepancy between the original sentence and a sentence below the amended guideline range, the government has not explained how the operation of the guidelines, 18 U.S.C. § 3553, and/or other law warrants imposing a 120-month sentence in this case. Nor has the government cited any case law in support of its position. A sentence below the amended guideline range, on the other hand, is supported by the Court's application of 18 U.S.C. § 3553(e) and the guidelines, particularly section 1B1.10(c). As another Court in this district has explained, in a case involving a 240-month mandatory minimum

and an amended guideline range of 70 to 87 months, "[t]he Court is not persuaded to grant less than a 'full reduction' by the government's complaint that defendant will receive more credit for substantial assistance than previously allowed. Neither the government nor the Probation Office [has] identified any reason why the defendant should not be granted a reduction in his sentence or why the Court should not apply the amendments as written." *United States v. Harshaw*, No. 3:06-CR-127, 2015 WL 756757, at *2 (E.D. Tenn. Feb. 23, 2015). The Court also notes that the seriousness and magnitude of the defendant's offense conduct is taken into account by the amended guideline range of 78 to 97 months' imprisonment.

In determining the appropriate amount by which to reduce the defendant's sentence, the Court considers the sentencing factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment, and the defendant's post-sentencing conduct. 18 U.S.C. § 3582(c)(2); U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1(B).

The Court finds as an initial matter that the § 3553(a) factors that applied at the time of the defendant's sentencing also apply today. In regard to these factors and in the context of the instant motion, the Court considers the nature and circumstances of the defendant's offense—conspiring to manufacture at least fifty grams of methamphetamine—and her role in the offense, along with her history and characteristics.

The Court also considers the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment.[1] Further, the Court considers the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). The defendant has not incurred any disciplinary sanctions while incarcerated, and it does not appear that a sentence reduction will create an inordinate risk of danger to any person or the community.

After considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds that a reduction to a term of 59 months' imprisonment is appropriate. In making this determination, the Court is particularly influenced by the changes in base offense levels resulting from Amendment 782. The Court has also taken into consideration the risk that the defendant poses to public safety, the nature and circumstances of the defendant's offense, the defendant's personal history and characteristics, and the defendant's post-sentencing conduct.

---

[1] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See generally Tapia v. United States*, 131 S. Ct. 2382 (2011).

IV. **Conclusion**

For these reasons, the defendant's motions [Docs. 1434, 1457] are **GRANTED**, and the defendant's sentence is **REDUCED** to **59 months' imprisonment**. If this sentence is less than the amount of time the defendant has already served, the sentence shall be reduced to a "time served" sentence. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(C).

Except as otherwise provided in this order, all provisions of the judgment dated March 31, 2014 [Doc. 1213], shall remain in effect. The effective date of this order is **November 2, 2015**. U.S. Sentencing Guidelines Manual § 1B1.10(e)(1).

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

10

Case 3:13-cr-00045-TAV-CCS   Document 1467   Filed 07/22/15   Page 10 of 10   PageID #: 6056