UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JUNELLE ELAINE JERRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:13-CR-045-TAV-MCLC |
| | ) | 3:15-CV-140-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Petitioner Junelle Elaine Jerrell ("Petitioner") has filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 1401]. The United States has responded to the motion, objecting to Petitioner's requested relief [Doc. 1427]. The matter is now ripe for consideration. The Court has determined that Petitioner is not entitled to relief under § 2255, and therefore no evidentiary hearing is necessary. For the reasons set forth herein, Petitioner's § 2255 motion lacks merit and will be denied. Accordingly, Case No. 3:15-CV-140 will be dismissed.

**I.  BACKGROUND**

On March 19, 2013, a Grand Jury returned an Indictment charging Petitioner with conspiracy to manufacture fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). On May 1, 2013, Petitioner entered into a Plea Agreement with the government [Doc. 426]. On June 10, 2013, the government filed an "Information to Establish Prior Conviction," pursuant to 21 U.S.C. § 851. This placed Petitioner on notice that she was subject to an enhanced punishment as provided for in 21

U.S.C. § 841(b)(1)(A) as a result of a prior felony drug conviction. Specifically, the notice indicated Petitioner had a prior Class B felony conviction in Tennessee entered on October 29, 2012 for "Possession of Schedule II more than .5 grams"[1] [Doc. 505-1]. After the government filed the Information, Petitioner's counsel then withdrew, and the Court appointed new counsel on July 15, 2013 [Doc. 564]. On July 19, 2013, Petitioner signed an identical Plea Agreement as she had entered before [Doc. 568]. In her plea agreement, she agreed to plead guilty to conspiracy to manufacture fifty grams or more of methamphetamine and acknowledged that "because [she] has a prior felony drug conviction the punishment for this offense is a minimum mandatory term of imprisonment of 20 years up to life . . . ." [Doc. 568, *Plea Agreement,* pg. 1]. As part of her plea agreement, Petitioner acknowledged that she had purchased or obtained from others pseudoephedrine which was used to manufacture "a conservative estimate of at least fifty (50) grams but less than 150 grams of actual methamphetamine, resulting in a base offense level of 32." [Doc. 568, *Plea Agreement,* pg. 2]. In the plea agreement, Petitioner waived filing a direct appeal and any challenges to her conviction or sentence under 28 U.S.C. § 2255 except for claims of ineffective assistance of counsel [Doc. 568, *Plea Agreement,* pg. 6].

The Court then scheduled a change of plea hearing. At this hearing, the District Court advised Petitioner that she faced a twenty year mandatory minimum term of

---

[1] A Class B felony offense for a Range I offender is punishable by not less than eight (8) years nor more than twelve (12) years. *See* Tenn. Code Ann. § 40-35-112(a).

imprisonment [Doc. 1261, *Transcript,* pg. 9, 11-12]. The following colloquy before the Court occurred:

> THE COURT: Specifically, do you understand because you have a prior felony drug conviction, the punishment for this offense is a minimum mandatory term of imprisonment of twenty years to life . . . .
>
> MS. JERRELL: Yes.

[Doc. 1261, pg. 11–12].

Based on Petitioner's stipulation in the Plea Agreement, the Presentence Report ("PSR") calculated her guideline range of imprisonment to be the statutorily required minimum sentence of twenty years. PSR ¶ 85. No objections were filed to the PSR [Doc. 986]. On January 16, 2014, the government filed a motion authorizing the Court to depart from the mandatory minimum sentence pursuant to both 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 [Doc. 1035].

At her sentencing hearing on March 25, 2014, the District Court again asked Petitioner if she understood that because of her prior felony drug conviction, the offense "requires a sentence consisting of a mandatory minimum term of imprisonment of twenty years up to life" [Doc. 1273, pg. 4]. The following colloquy then occurred regarding her prior felony drug offense:

> THE COURT: Similarly, are you aware of the fact that on June 10, 2013, the government filed a notice of enhancement based on your prior felony drug conviction, that being possession of Schedule II, more than .5 grams, in the Criminal Circuit Court of Anderson County, Tennessee, Case No. B0C00905, on October 29, 2012?

> MS. JERRELL: Yes.
>
> THE COURT: Do you affirm or deny this prior conviction?
>
> MS. JERRELL: I affirm.
>
> THE COURT: Do you understand any challenge to this prior conviction not made before sentence is imposed may not thereafter be raised to attack the sentence? Do you understand what I'm asking there?
>
> MS. JERRELL: I'm not sure.
>
> THE COURT: I mean, I've asked you to affirm the prior conviction. I'm asking you again about that, but do you understand that if you don't make a challenge, to the extent there could be a challenge to the fact of the prior conviction, that if you don't make it before sentence is imposed you can't, somewhere, time, down the road, say, attack your sentence or challenge your sentence based on the fact of the prior conviction? Do you understand that?
>
> MS. JERRELL: Yes, I understand.
>
> THE COURT: All right. In light of that, do you still affirm the prior conviction?
>
> MS. JERRELL: Yes.

[Doc. 1273, pg. 4–5]. The Court then granted the government's motion for downward departure. It then considered each of the sentencing factors in 18 U.S.C. § 3553 and sentenced Petitioner to 180 months' imprisonment followed by five years of supervised release [Doc. 1213, *Judgment*]. On April 8, 2014, Petitioner filed a notice of appeal [Doc. 1233].

On appeal, her counsel filed an *Anders* brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), challenging the statutory enhancement based on her prior

4

felony drug conviction. The Sixth Circuit first found the appellate waiver in her plea agreement precluded her raising this issue on appeal. However, the Court found that, even if the waiver were not effective, her argument lacked merit [Doc. 1347]. It noted that she pleaded guilty to a conspiracy to manufacture fifty grams or more of methamphetamine from 2007 through March 19, 2013. Although Petitioner's prior felony drug conviction on October 29, 2012, fell within the timeframe of the conspiracy, the Court found she "continued her criminal activity after that conviction was entered." *Id.* at 4. It also noted that "her prior conviction involved conduct different from her role in the conspiracy—possessing methamphetamine versus purchasing pseudoephedrine." *Id.* Ultimately, the Sixth Circuit found that "[t]he district court properly determined that the enhancement applied to [Petitioner] because her prior felony conviction for possession arose from a separate criminal episode." *Id.* On October 13, 2014, it affirmed the district court's judgment.

On March 30, 2015, Petitioner timely filed this motion to vacate under 28 U.S.C. § 2255 [Doc. 1401]. She alleges in her first claim for relief that she received ineffective assistance of counsel, claiming her counsel failed to object to the PSR, and failed to ask for a § 5K1.1 motion which "would have allowed her to be sentenced below the mandatory minimum sentence" [Doc. 1401, pg. 4]. In her second claim, she alleges her counsel was ineffective for failing to object to the enhanced punishment under the statute "because the [United States] failed to file and give proper notification under 21 U.S.C. § 851(a)(1)"

5

[Doc. 1401, pg. 5]. Here, she claims that she did not have an opportunity to object to the prior conviction. *Id.* In her third claim, she alleges her prior conviction was "legally ineligible to justify a mandatory minimum" sentence [Doc. 1401, pg. 7]. Finally, in her fourth claim, she argues that the District Court failed to articulate its reasons for rejecting the recommended guideline range. She also claims here that the sentence imposed was substantively and procedurally unreasonable and that the District Court did not specifically mention any applicable 18 U.S.C. § 3553(a) factors. She also claims that the record is "devoid of any indication of how the imposition of an above guideline range would avoid unwarranted sentencing disparities among the co-defendants" [Doc. 1401, pg. 8]. The Court now turns to these claims.

The Court notes that on July 22, 2015, the District Court reduced Petitioner's sentence pursuant to 18 U.S.C. § 3582(c)(2). The Court reviewed all of the sentencing factors in its order and reduced Petitioner's sentence to 59 months [Doc. 1467]. The BOP website indicates she was released from BOP custody on December 23, 2016. The Court now turns to Petitioner's motion.

## II. ANALYSIS

### A. Standard of Review

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). She "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

The Sixth Amendment provides, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for [her] defence." U.S. Const. amend. VI. This right extends beyond the mere presence of counsel to include "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To establish a claim of ineffective assistance, Petitioner must demonstrate two essential elements: (1) that her counsel's performance was deficient, that is, below the standard of competence expected of attorneys in criminal cases; and (2) that her counsel's deficient performance prejudiced her defense, *i.e.*, deprived her of a fair criminal proceeding, rendering the outcome of the proceeding unreliable. *Id.* at 687–88.

7

### B. Petitioner's Claims

#### 1. Whether Petitioner's counsel was ineffective for failing to object to the PSR and for not asking the government for a downward departure pursuant to U.S.S.G. § 5K1.1 [Doc. 1401, pg. 4]

In her first claim, Petitioner argues her counsel was ineffective for failing to object to the PSR and for failing to ask for a motion filed pursuant to U.S.S.G. § 5K1.1 that she claims "would have allowed her to be sentenced below the mandatory minimum sentence" [Doc. 1401, pg. 4]. As noted by the Sixth Circuit, Petitioner pled guilty to an offense pursuant to 21 U.S.C. § 841(b)(1)(A) which carried a mandatory minimum of twenty years given her prior felony drug conviction. The Government filed a motion for downward departure pursuant to 18 U.S.C. § 3553(e) that permitted the District Court to "to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e); *see United States v. Johnson*, 570 F. App'x 560, 567 (6th Cir. 2014). It also asked for a departure based on U.S.S.G. § 5K1.1.

As an initial matter, Petitioner does not allege what her counsel should have objected to in the PSR. Given that each of Petitioner's other arguments relate to her prior felony conviction, the Court presumes that is what she is raising here. She does not, however, state the problem with her prior conviction or on what basis her counsel should have objected. Indeed, she affirmed under oath before the District Court that she had a prior felony drug conviction. It is inconsistent for her to argue that her counsel should have

8

objected to her prior felony when she affirmed it before the District Court. Thus, this issue is without merit.

Petitioner also alleges that her counsel should have asked the government to file a § 5K1.1 motion. But the Government did just that. It filed a motion for downward departure not only pursuant to U.S.S.G. § 5K1.1, but also, and more importantly, under 18 U.S.C. § 3553(e) [Doc. 1035]. The District Court actually granted the very motion Petitioner now complains was never filed. Her claim here is without merit.

> **2. Whether Petitioner's counsel was ineffective for failing to object to the enhanced sentence "because the [United States] failed to file and give proper notification under 21 U.S.C. § 851(a)(1)" [Doc. 1401, pg. 5]**

In this claim, Petitioner argues that her counsel was ineffective for not objecting to the "Information to Establish Prior Conviction" which the government filed pursuant to 21 U.S.C. § 851(a)(1). Pursuant to 21 U.S.C. § 851, the government, prior to the entry of her plea, provided Petitioner written notice of its intent to seek enhancement of her sentence under 21 U.S.C. § 841(b)(1)(A) as a result of her 2012 felony drug conviction [Doc. 505]. She was also advised in her Plea Agreement, at her change of plea hearing, and prior to being sentenced.

Petitioner first claims that the "Information to Establish Prior Conviction" was not proper. She fails to identify how the Information is improper, however. The Sixth Circuit has explained that the purpose of § 851 is to "provide the defendant with reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism." *United States v. King*, 127 F.3d 483, 488 (6th Cir. 1997) (quotations, citations,

and alterations omitted). Therefore, when determining whether a § 851 notice is sufficient, "the proper inquiry is whether the government's information provided the defendant reasonable notice of its intent to rely on a particular conviction and a meaningful opportunity to be heard." *Id*. at 488–89. The government's filing [Doc. 505] clearly gave Petitioner reasonable notice of its intention to rely on her 2012 felony conviction to enhance her punishment. She was afforded a meaningful opportunity to be heard on this issue. When given that opportunity, she affirmed the conviction. She fails to identify any deficiencies in the notice at all.

Petitioner next claims that she did not have a meaningful opportunity to object to the prior conviction. Her claim here is contradicted by her own sworn testimony before the District Court. The District Court asked her whether she affirmed her prior felony drug conviction, and she responded that she did [Doc. 1273, pg. 4–5]. She was also advised that if she did not challenge the conviction prior to sentencing, she could not later challenge its use to enhance her sentence. She again acknowledged she understood that and admitted the prior conviction. Contrary to her argument, Petitioner had multiple opportunities to contest her prior felony conviction. She did not.

Nevertheless, assuming counsel was deficient for failing to challenge the Information or otherwise object to the statutory enhancement under § 851, Petitioner has failed to present any theory upon which this Court could consider her prior felony drug conviction to be invalid due to a constitutional error. *See United States v. Layne*, 192 F.3d 556, 576–77 (6th Cir. 1999) (defendant did not demonstrate his prior drug convictions were

10

constitutionally invalid, thus use of them for enhancement purposes under § 851 was not error). In addition, there is nothing in the record that leads the Court to conclude Petitioner has a basis for a meritorious collateral attack under § 851. Petitioner fails to contend the underlying conviction supporting the notice was not a qualifying prior drug offense nor does she allege any basis for challenging the prior conviction. Thus, she has failed to demonstrate she suffered any prejudice as the result of counsel's alleged omission. Thus, this issue is without merit.

> 3. **Whether Petitioner's prior felony drug conviction was "legally ineligible to justify a mandatory minimum" sentence [Doc. 1401, pg. 7]**

Petitioner's third claim, much like her prior claims, is that her prior felony drug conviction was not eligible to justify the enhanced punishment under 21 U.S.C. § 841(b)(1)(A). This claim has been waived by 21 U.S.C. § 851(c)(3), which provides: "Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge." Petitioner has not shown good cause for her failure to make a timely challenge as she had multiple opportunities to do so.

In any event, even assuming her claim has not been waived, it is nevertheless without merit. Her prior felony drug conviction is valid. Petitioner was convicted on October 29, 2012, of a Class B felony, "Possession Schedule II more than .5 grams" in violation of Tenn. Code Ann. § 39-17-417 [Doc. 505-1]. She argues this conviction cannot be used to enhance her sentence because it was not final when she last participated in the

conspiracy on November 26, 2012. While innovative, this argument that the conviction is not final until sometime after it was entered has been addressed and rejected by the Sixth Circuit. In *United States v. Houston*, 813 F.3d 282, 294 (6th Cir.), *cert. denied*, 137 S. Ct. 567 (2016), the defendant was charged with being a convicted felon in possession of a firearm. Houston, who had been convicted in state court of a felony offense, had appealed his state conviction. While his case was on appeal, he possessed the firearms for which he was charged in federal court. He argued that at the time he possessed the firearms, his conviction in state court was not "final" under Tennessee law because it had been appealed. The Sixth Circuit found this argument to be "unfounded because the Tennessee Rules of Appellate Procedure provide that a criminal defendant may only appeal once the trial court enters a 'final' judgment of conviction." *Id.* at 294 (citing *State v. Comer*, 278 S.W.3d 758, 760–61 (Tenn. Crim. App. 2008)); *see also* Tenn. R. App. P. 4(a) (stating that a notice of appeal is to be filed within thirty days of the date that the final judgment is entered). "Likewise, the Tennessee Rules of Evidence further indicate that a conviction is 'final' notwithstanding the pendency of an appeal because an individual can be impeached with evidence of a conviction even if an appeal is pending." *Id.* (citing Tenn. R. Evid. 609(e)). In other words, Houston's conviction was final when it was entered, regardless of whether it was on appeal or not. In the same way, Petitioner's conviction was final on October 29, 2012, and by her own admission, she continued to participate in the conspiracy after that date. As the Sixth Circuit found on her direct appeal, her conduct after October 29, 2012,

subjected her to the enhanced sentence under Section 841(b)(1)(A). This issue is without merit.

The Court will also address Petitioner's other arguments in this regard. In her memorandum, relying on *Carachuri–Rosendo v. Holder*, 560 U.S. 563 (2010) and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), Petitioner argues her prior conviction is invalid because it does not constitute a "felony drug offense as Congress defined" [Doc. 1402, pg. 11]. Her arguments are without merit. In *Carachuri-Rosendo*, the Supreme Court reaffirmed its *dicta* in *United States v. Rodriquez*, 553 U.S. 377 (2008), that a recidivism sentencing enhancement may be used in determining the maximum term of imprisonment for a prior conviction only if the finding is part of the record of conviction. Petitioner's prior felony conviction does not implicate any recidivism enhancements as were addressed in *Carachuri-Rosendo*. Rather, Petitioner was convicted of a Class B felony drug offense, punishable by imprisonment of no less than eight years.[2] *Carachuri-Rosendo* simply does not apply.

Likewise, *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) does not apply to Petitioner's case. In *Simmons,* the Fourth Circuit addressed the question of whether a North Carolina conviction for possession of marijuana qualified as a prior felony drug conviction for purposes of determining whether the defendant was subject to a sentencing

---

[2] Her conviction was a felony drug offense punishable by imprisonment for more than one year under the plain terms of the statutes defining them. Petitioner's 2012 Tennessee conviction was for a violation of Tenn. Code. Ann. § 39-17-417, which the judgment makes clear is a Class B felony offense for which Tennessee law authorizes a term of imprisonment of "not less than eight (8) nor more than thirty (30) years." Tenn. Code. Ann. § 40-35-111(b)(2).

enhancement under 21 U.S.C. § 841. The Fourth Circuit ultimately concluded that the prior offense was not a felony because under North Carolina's Structured Sentencing Act, the defendant could *not* have received a sentence of more than eight months' "community punishment" (probation). *Simmons*, 649 F.3d at 241. It held that the maximum sentence for a particular defendant's offense hinges on his individual prior criminal history, so that the maximum sentence is not the highest sentence which could be imposed on an offender with the worst criminal history, but the highest sentence an individual offender can receive, given his prior criminal history. Unlike *Simmons*, Petitioner faced a minimum of eight years as a result of her conviction without regard to her prior criminal history. Her conviction did not require any statutory enhancements to exceed a one year sentence as was the case in *Simmons*. Thus, *Simmons* is inapplicable.

> **4. Whether the District Court failed to articulate its reasons for rejecting the recommended guideline sentence range [Doc. 1401, pg. 8]**

Petitioner's fourth claim is that the District Court failed to articulate its reasons for rejecting the recommended Sentencing Guideline range. She also claims that the sentence imposed was substantively and procedurally unreasonable, and that the District Court did not specifically mention any applicable § 3553(a) factors. She also insists that the record is "devoid of any indication of how the imposition of an above guideline range would avoid unwarranted sentencing disparities among the co-defendants" [Doc. 1401, pg. 8].

As an initial matter, this issue has been waived. Non-constitutional claims not raised on direct appeal are waived on collateral review except where the errors amount to

something akin to a denial of due process. Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained on a motion under § 2255 unless the petitioner shows (1) cause and actual prejudice sufficient to excuse her failure to raise the claims previously, or (2) that she is "actually innocent" of the crime. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (internal citations omitted). Petitioner has failed to satisfy any of the criteria that might justify the Court's review of her claim.

That notwithstanding, her claim is without merit. First, her guideline range of imprisonment was the statutory minimum of 240 months or twenty years. A Sentencing Guideline range cannot be less than a statutory mandatory minimum sentence. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence"); *see also United States v. Johnson,* 564 F.3d 419, 423 (6th Cir. 2009). Given that her statutory minimum was 20 years, then that was her guideline range. Thus, her argument that the Court sentenced her to a term of imprisonment that exceeded her guideline sentence is simply factually incorrect.

Second, although she argues her sentence was substantively and procedurally unreasonable, she provides no support for such an argument. "A district court imposes a substantively unreasonable sentence by 'selecting the sentence arbitrarily, . . . failing to consider pertinent § 3553(a) factors, or giving an unreasonable amount of weight to any pertinent factor.'" *United States v. Banks*, No. 17-1167, 2018 WL 618478, at *4 (6th Cir.

Jan. 30, 2018) (quoting *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)). Procedural challenges include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Jones*, No. 17-5306, 2018 WL 460082, at *3 (6th Cir. Jan. 18, 2018) (citing *United States v. Johnson*, 640 F.3d 195, 201–02 (6th Cir. 2011) (quotations and citations omitted)).

The Court finds nothing substantively or procedurally unreasonable about the sentence imposed in this case. In pronouncing sentence, the District Court went into great detail regarding each of the § 3553 sentencing factors and considered how each applied to Petitioner's specific case [Doc. 1273, pg 8–14]. Furthermore, it did not give an unreasonable weight to any particular factor.

As noted, the government filed a motion for downward departure. The District Court granted that motion and considered the value of her substantial assistance in determining her sentence. After summarizing all that she did to provide substantial assistance in the investigation and prosecution of others, the District Court departed from the mandatory minimum sentence of 240 months, and sentenced her to 180 months—sixty months *less* than her statutorily required minimum sentence. Petitioner's claim that the District Court sentenced her to a sentence greater than the Sentencing Guideline range is simply not supported by the record. This issue is without merit.

## III. CONCLUSION

The Court finds that Petitioner has failed to demonstrate that she is entitled to relief under § 2255, and her motion to vacate, set aside, or correct the sentence [Doc. 1401] will thus be **DENIED**. This action will be **DISMISSED**.

The Court now must consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal, since she may not appeal a final order in a § 2255 case to the Sixth Circuit unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). Issuance of a COA depends on whether Petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure. The Clerk of Court will be **DIRECTED** to **CLOSE** the civil case (No. 3:15-cv-00140).

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE